UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RANDALL & HEATHER LOZAR, <br> JUAN & ERICA CORTEZ, <br> RANDY T. BAKER & MARCY BAKER, <br> SONNY & DEANNA BUSTILLOS, <br> JUANITA & JUAN RODRIGUEZ, <br> DALE ZUIDEMA, DAVID NAUTA, <br> DANIEL & NYOKA MARTINEZ, <br> HAROLD & DEANA HICKS, <br> JENNIFER HICKS & CLIFTON HICKS, <br> JANICE REED, <br>     Plaintiffs, <br>     v. <br> BIRDS EYE FOODS, INC., <br>     Defendant. | Case No. 1:09-cv-10 <br><br> HONORABLE PAUL MALONEY |

**OPINION and ORDER**

**Dismissing the Complaint Without Prejudice due to Inadequate Jurisdictional Allegations;
Permitting the Plaintiffs to File an Amended Complaint to Cure the Deficiency**

**Denying without prejudice the Defendant's Partial Motion to Dismiss**

Randall and Heather Lozar and seventeen other plaintiffs (collectively "Lozar") filed the six-count complaint in January 2009, asserting state-law claims denominated "Negligence Per Se" (Count One, Comp ¶¶ 160-172), Remediation (Count Two, ¶¶ 173-184), Nuisance (Count Three, ¶¶ 185-197); Trespass (Count Four, ¶¶ 198-207), "Personal Injuries" (Count Five, ¶¶ 208-217), and Negligence (Count Six, ¶¶ 218-223). Defendant Birds Eye Foods, Inc. ("Birds Eye") moves to

dismiss all of the six claims except Count Three, Nuisance. For the reasons that follow, the court determines that the Lozars have not met their burden of establishing the complete diversity of citizenship required for jurisdiction, which warrants dismissal without prejudice of the complaint.

Lozar's complaint invokes only diversity as a basis for this court's jurisdiction. The section of the complaint entitled "Jurisdiction and Venue" reads as follows, in its entirety:

> 13. Plaintiff repeats and realleges all allegations in paragraphs 1 through 13 of this Complaint and hereafter as if fully restated herein.
>
> 14. This action is brought under Diversity of Citizenship and various other Michigan statutes and common law doctrines including Negligence Per Se, Remediation, Nuisance, Trespass and Personal Injuries - Medical Monitoring. The matter in controversy exceeds the sum or value of Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states. Jurisdiction is vested in this Court.
>
> 15. A substantial part of the events and omissions giving rise to the claims stated herein occurred in this District and the Defendant is subject to the personal jurisdiction of this judicial district [sic]. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391 and 18 U.S.C. § 1965(b).

Comp ¶¶ 13-15. But the complaint does not go on to provide factual allegations sufficient to permit a finding that this court has diversity jurisdiction.

The U.S. Supreme Court and our Circuit have affirmed a district court's right and obligation to independently examine whether it has jurisdiction, without a motion or request from a party:

> The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), *may be raised* by a party, or *by a court on its own initiative*, *at any stage of the litigation*. ... Rule 12(h)(3) instructs: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction, the court shall dismiss the action."

*American Telecom Co., LLC v. Republic of Lebanon*, 501 F.3d 534, 539 (6th Cir. 2007) (footnote omitted) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506-07 (2006) (quoting *Kontrick v. Ryan*,

540 U.S. 443, 455 (2004))), *cert. denied*, – U.S. –, 128 S.Ct. 1472 (2008).

Indeed, it is axiomatic that the court *must* raise issues of subject-matter jurisdiction *sua sponte*. *Leys v. Lowe's Home Ctrs.*, 2009 WL 514291, *2 (W.D. Mich. Mar. 2, 2009) (Maloney, C.J.) (citing, *inter alia*, *Cmty. First Bank v. NCUA*, 41 F.3d 1050, 1053 (6th Cir. 1994)). *See, e.g., CMS No. Am., Inc. v. DeLorenzo Marble & Tile, Inc.*, 521 F. Supp.2d 619, (W.D. Mich. 2007) (Maloney, J.) ("[E]ven if CMS had never filed a motion for remand, this court would have had the right and obligation to ascertain whether it had subject-matter jurisdiction.") (collecting cases).[1]

**Lozar invokes only diversity as a basis for jurisdiction, and 28 U.S.C. § 1332 authorizes district courts to exercise diversity jurisdiction only when there is *complete* diversity of citizenship.** *LGT Enters., LLC v. TicketSoftware, LLC*, 2008 WL 5753364, *3 (W.D. Mich. Aug. 22, 2008) (Maloney, C.J.) (citing *Probus v. Charter Comms., LLC*, 234 F. App'x 404, 407 (6th Cir. 2007) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999))). Complete diversity exists when no plaintiff and no defendant are citizens of the same state. *LGT*, 2008 WL 5753364 at *3 (citing *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (cite omitted)).

The complaint asserts that "t[h]is action is brought under Diversity of Citizenship", Comp ¶ 13, and "[t]he matter in controversy . . . is between citizens of different states", Comp ¶ 14, but the complaint fails to allege specific facts that might substantiate this assertion. The complaint alleges only that plaintiff Zuidema is a U.S. citizen who owns property in Michigan, Comp ¶ 6, and that

---

[1]

*See, e.g., Wagenknecht v. US*, 509 F.3d 729 (6th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of certain claims for lack of subject-matter jurisdiction); *Probus*, 234 F. App'x at 405 (plaintiff's failure to seek remand to state court did not preclude *sua sponte* examining federal jurisdiction) ("Because we find that the district court entertained jurisdiction of this case in the absence of complete diversity, we vacate . . . and remand the case to the district court so that it may resolve the issue of fraudulent joinder in order to determine whether there was complete diversity.")

each of the other plaintiffs is a U.S. citizen who resides in Michigan, Comp. ¶¶ 1-5 and 7-11. **The complaint does not assert that the plaintiffs are domiciled in Michigan, however, let alone provide factual allegations to support a finding to that effect.**

This is a significant omission, because "[f]or purposes of diversity jurisdiction, residency does not necessarily prove citizenship."[2] *Wolf v. Bankers Life & Cas. Co.*, 519 F. Supp.2d 674, 676 n. 1 (W.D. Mich. 2007) (Maloney, J.) (citing *Deasy v. Louisville & Jefferson Cty. Metro. Sewer Dist.*, 47 F. App'x 726, 728 (6th Cir. 2002)). *See also Moscardelli v. Michigan Laborers HealthCare Fund*, 2008 WL 762237, *2 (W.D. Mich. Mar. 19, 2008) (Maloney, J.) (citing *Sun Printing & Pub. Ass'n v. Edwards*, 194 U.S. 377, 382 (1904) (an averment that defendant was a resident of Delaware "would not necessarily have imported that [he] was a citizen of Delaware")).[3]

For a natural person, state citizenship is not a matter of residency but of domicile. *Nat'l City*

---

[2]

*See, e.g., Kuntz v. City of Dayton*, 1996 WL 607148, *2 (6th Cir. 1996) (p.c.) ("The district court dismissed the suit for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1), reasoning that Kuntz had failed to allege diversity as he did not allege *citizenship* in a state other than Ohio, but merely *residency* in the state of New York.") (emphasis added); *Herrick v. Liberty League Int'l*, 2008 WL 2230702, *7 n.6 (S.D. Ohio May 28, 2008) (Susan Dlott, J.) ("Plaintiffs alleged that they are citizens of Ohio, but . . . [a]t most, Plaintiffs have asserted that Defendants are residents of Arizona, but residency does not equal citizenship.").

[3]

**Accord** *Logan v. Hit or Miss, LLC*, 2009 WL 982620, *2 n.8 (W.D. La. Apr. 9, 2009) (Rebecca Doherty, J.) ("Residency does not necessarily equate with citizenship . . . .") (citing *Stine v. Moore*, 213 F.2d 446, 448 (**5th Cir.** 1954));

*Gerstenecker v. Terminix Int'l, Inc.*, 2007 WL 2746847, *4 (S.D. Ill. Sept. 19, 2007) (Reagan, J.) ("[A]llegations of residency are not the same as allegations of citizenship.") (citing, *inter alia*, *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (**7th Cir.** 2000));

*Brosnan v. Avildsen*, 2008 WL 2357248, *3 (N.D. Cal. 2008) ("Plaintiff alleges that he is a Nevada resident, and that Defendant . . . is a resident of New York. Residency, however, is not the same as citizenship.") (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (**9th Cir.** 2001)).

*Bank v. Aronson*, 474 F. Supp.2d 925, 931 (S.D. Ohio 2007) (citing, *inter alia*, *Gilbert v. David*, 235 U.S. 561 (1915)). *See, e.g., Wolf*, 519 F. Supp.2d at 676 n. 1 (quoting *Deasy*, 47 F. App'x at 728 ("'To establish the citizenship required for diversity jurisdiction, Deasy must show more than mere Tennessee residence.  He must show that Tennessee is his domicile.  To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere.'") (citations omitted)).  Lozar has not alleged facts sufficient for this court to find that none of the plaintiffs is domiciled in either New York or the state where Birds Eye is incorporated.

**As for Birds Eye, the complaint alleges only that the defendant is "a foreign For-Profit corporation with a principal place of business in Rochester, New York . . . ."  Comp ¶ 12.  It fails to specify the particular State or country in which Birds Eye is incorporated.**  This is a significant omission, because a United States corporation is deemed to be a citizen of both the State where it is incorporated and the State where it maintains its principal place of business.  *Leys v. Lowe's Home Ctrs., Inc.*, 2009 WL 80380, *3, – F. Supp.2d –, – (W.D. Mich. Jan. 9, 2009) (Maloney, C.J.) (citing[4] *Wolf v. Bankers Life & Cas. Co.*, 519 F. Supp.2d 674, 676 n. 1 (W.D. Mich. 2007) (citing 28 U.S.C. § 1332(c)(1))).  The complaint alleges that Birds Eye has its PPB in New York – which, if true, makes Birds Eye a citizen of New York for this purpose.  28 U.S.C. § 1332(c)(1).  But if Birds Eye is incorporated in the United States of America, it will also be deemed a citizen of the State where it is incorporated.  *Id.*[5]

---

[4]

If Lozar files an amended complaint that specifies Birdseye's PPB, this order will not prevent Birdseye from contending that its PPB is elsewhere than the place alleged in the amended complaint.

[5]

If Birds Eye is incorporated outside the United States, the rule may be the same:

**Without knowing where Birds Eye is incorporated, then, the court cannot determine its citizenship. It is not enough for the plaintiff to allege that Birds Eye owns and operates a fruit- and vegetable-processing facility in Michigan**, Comp ¶ 17, or that Birds Eye employs people, sells products, or otherwise transacts business in Michigan. *See Poly-Flex Const., Inc. v. NT&H, Ltd.*, 2008 WL 793759, *3 (W.D. Mich. Mar. 24, 2008) (Maloney, J.) ("It is not enough for Poly-Flex to allege that it has 'an address of . . . Grand Prairie, Texas' or that NTH has 'a registered address of . . . Detroit, Michigan' . . . . '[L]isting a corporate defendant's business address is wholly insufficient to establish either its place of incorporation or [PPB] . . . .'") (quoting *Barlow v. K.L. Harring Transp.*, 2006 WL 3104705, *1 (E.D. Mich. Oct. 31, 2006) (citing *Johnson v. Pharmacia*

---

> We draw no distinctions between corporations incorporated in a [S]tate of the United States and those incorporated in a foreign country when determining the corporation's citizenship for purposes of diversity jurisdiction. In each instance, the corporation is deemed a citizen of its place of incorporation and the location of its principal place of business.

*Nike, Inc. v. Comercial Iberica De Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994), *quoted by Van Der Steen v. Sygen Int'l, PLC*, 464 F. Supp.2d 931, 933 n.1 (N.D. Cal. 2006).

*See, e.g., Bowen Med. Co. v. Nicolet Biomed., Inc.*, 2002 WL 32340885, *2 (W.D. Wis. Nov. 14, 2002) ("Although plaintiff is a California corporation with its principal place of business in Hong Kong, for diversity purposes it is a citizen of California only.") (citing, *inter alia*, *Torres v. So. Peru Copper Corp.*, 113 F.3d 540, 543-44 (5th Cir. 1997) ("Absent congressional amendment to section 1332(c)(1) to the contrary, we must conclude that for diversity purposes a corporation incorporated in the United States with its [PPB] abroad is solely a citizen of its 'state' of incorporation."));

*Trans World Hosp. Supplies, Ltd. v. Hosp. Corp. of Am.*, 542 F. Supp. 869, 878 (M.D. Tenn. 1982) (although defendant was incorporated in the Cayman Islands, it had its PPB in Tennessee and so was a citizen of Tennessee for purposes of the diversity statute; "Despite its incorporation in a foreign country, if an alien corporation maintains its [PPB] in a state of the United States, no compelling reason exists that it should not be deemed a citizen of that state. It is, in all practical respects, identical to any domestic corporation with its [PPB] in that state.").

*& Upjohn Co.*, 1999 WL 1005653, *4 (W.D. Mich. Oct. 12, 1999) (Quist, J.)).*[6]*

**On the present record, the court cannot rule out the possibility that one or more plaintiffs is a citizen of the same state as defendant Birdseye, and "the court cannot simply assume that they are not."** *Ellis v. Kaye-Kibbey*, 2008 WL 2696891, *2 (W.D. Mich. July 1, 2008) (Maloney, C.J.) (citing *Tsesmelys v. Dublin Truck Leasing Corp.*, 78 F.R.D. 181, 182 (E.D. Tenn. 1976) ("[A]llegations of the citizenships of the parties . . . is of the essence of jurisdiction and, being so essential, their absence can neither be overlooked nor supplied by inference.") (citations omitted)).

**Therefore, the Lozars have not carried their burden of establishing the existence of federal jurisdiction, and the case is properly dismissed until and unless they correct that defect.** *See Cooper v. Cianfrocca*, 2001 WL 640808 (S.D.N.Y. 2001) ("The complaint is dismissed sua sponte for failure to allege facts sufficient to establish subject matter jurisdiction. 28 U.S.C. § 1332 requires that the parties be of diverse citizenship, not residence. Plaintiffs may file an amended complaint sufficiently alleging jurisdiction . . . ."); *accord Royal Ins. Co. of America v. Caleb V.*

---

[6]

*Accord Smith v. Intex Recreation Corp.*, 755 F. Supp. 712 (M.D. La. 1991) (allegation that defendant corporation was a California corporation having business at a particular address in California was not sufficient to establish citizenship for purpose of diversity, so plaintiff was required to amend the complaint), *aff'd w/o op.*, 1994 WL 24927 (5th Cir. Jan. 7, 1994);

*Lindsey v. Rice*, 2005 WL 3275918, *2 (D.D.C. Sept. 25, 2005) (defendant's mailing address provided no basis for court to ascertain principal place of business).

*Cf. Am. Motorists Ins. Co. v. Am. Emp. Ins. Co.*, 600 F.2d 15, 16 (6th Cir. 1979) (for diversity purposes, it was not enough for the complaint to assert that defendant corporation was "licensed to do business and doing business in Louisiana"), *cited by Teal Energy USA, Inc. v. GT, Inc.*, 369 F.3d 873, 880 n.30 (6th Cir. 2004); *accord Vays v. Ryder Truck Rental, Inc.*, 240 F. Supp.2d 263, 265 (S.D.N.Y. 2002) ("[I]t is not sufficient to allege that a corporation is licensed to do business in a state, or that it does business in a state.") (citation omitted).

*Smith & Sons, Inc.*, 929 F. Supp. 606, 608 (D. Conn. 1996) ("Allegations of complete diversity must be apparent from the pleadings.") (citing FED. R. CIV. P. 8(a)(1) and *John Birch Society v. NBC*, 377 F.2d 194, 197-99 (2d Cir. 1967)).[7]

**COUNTS 1, 2 and 5**

**In the plaintiffs' brief opposing the now-moot motion to dismiss, they state that they do not object to dismissing Count One, "Negligence Per Se," as an independent claim pursuant to FED. R. CIV. P. 12(b)(6), so long as its allegations and the *per se* theory of liability are still available on Count Six, the negligence claim.** *See* P's Opp ¶ 6 at 2-3 ("Defendant was, in fact, negligent in contaminating groundwater [a]ffecting Plaintiff[s'] property, which supports a negligence theory. Defendant also violated laws against pollution of groundwater which were designed to protect persons, such as the Plaintiffs, who are affected by ground water. This supports

---

[7]

*See also Levering & Garrigues Co. v. Morrin*, 61 F.2d 115, 121 (**2d Cir.** 1932) (where plaintiff adequately alleged citizenship of individual defendants but not defendant labor unions, the Court of Appeals reversed the grant of an injunction and remanded "with directions to dismiss the complaint without prejudice, for lack of jurisdiction, unless the plaintiffs shall amend to correct the jurisdictional defect."), *aff'd o.g.*, 289 U.S. 103 (1933);

*Carnegie, Phipps & Co. v. Hulbert*, 53 F. 10, 11 (**8th Cir.** 18 92) (where complaint failed to allege citizenship of members of unincorporated-partnership, Court of Appeals reversed judgment in favor of defendants "for want of jurisdiction" and remanded case "with directions. . . to dismiss it unless the plaintiff shall amend its complaint to show jurisdiction");

*Am. Nat'l Fire Ins. Co. v. Mirasco, Inc.*, 2000 WL 1368009, *2 (**S.D.N.Y.** Sept. 20, 2000) (requiring corporate plaintiffs to amend complaint to allege facts establishing their own citizenship) (citing *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998) (allegation that corporation has "an office" in NY was insufficient to establish NY as its PPB));

*Fishman v. Kowalski*, 1989 WL 128355, *1 n.2 (**N.D. Ohio** Oct. 19, 1989) (Battisti, C.J.) ("Residency is not the same as citizenship in pleading under 28 U.S.C. § 1332(a). [F]ailure to cure this defect will result in dismissal.") (citing FED. R. CIV. P. 12(h)(3) and *Bettis v. Montgomery*, 701 F. Supp.2d 256, 258-59 (D.D.C. 1989)).

a 'negligence per se' theory.  These are two distinct theories proving negligence and, as such, have been brought as two distinct counts.  If the court should desire to combine the two theories into one count of negligence proceeding under the different legal theories, that would be acceptable.").

**Likewise, the plaintiffs acknowledge that Count Two, "Remediation," is subject to dismissal without prejudice, for lack of subject-matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1).**  *See* P Opp at 1 ("Plaintiffs will stipulate to the dismissal of Count II, Remediation, but will reserve the right to refile said claim after satisfying the administrative notice requirements under the applicable laws.").

**Next, "Plaintiffs stipulate to the dismissal of Count Five, entitled 'Personal Injuries'**, so long as the factual allegations and legal theories therein remain available for the remaining negligence theories [claims] of the suit."  P's Opp ¶ 5 at 2.

**Finally, "Plaintiffs stipulate to the dismissal of their claim for punitive damages as such an award is impermissible under Michigan law."**  P's Opp ¶ 1 at 2.


### **ORDER**

The complaint is **DISMISSED without prejudice**.

Defendant's motion to dismiss all of the complaint except Count 3 (Nuisance) [document # 8] is **DENIED without prejudice as moot**.

**No later than Monday, June 29, 2009, plaintiffs MAY FILE an amended complaint** which provides sufficient allegations to support a finding of complete diversity of citizenship.

It **SHALL NOT INCLUDE** as independent counts the claims currently denominated as Counts One ("Negligence Per Se"), Two ("Remediation"), and Five ("Personal Injuries").

It **SHALL NOT INCLUDE** a request for punitive damages.[8]

Plaintiffs may not otherwise amend, e.g., to assert new claims, non-jurisdictional factual allegations, parties, arguments, bases for jurisdiction, theories of recovery, or requests for relief.

**If the plaintiffs do not file an amended complaint which cures the deficiency, the dismissal will become final on Wednesday, July 1, 2009.**

**IT IS SO ORDERED** on this  18th  day of May 2009.

/s/ Paul L. Maloney
Honorable  Paul L. Maloney
Chief United States District Judge

---

[8]

This order shall not prevent the plaintiffs from including in the amended complaint *the factual allegations* and *theories for recovery in negligence* that are currently contained in the paragraphs comprising counts 1, 2 and 5 of the original complaint. Specifically, this order shall not prevent the plaintiffs from pursuing a theory of negligence per se in order to prevail to their negligence claim (currently count six).