UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RANDALL & HEATHER LOZAR, <br> JUAN & ERICA CORTEZ, <br> RANDY T. BAKER & MARCY BAKER, <br> SONNY & DEANNA BUSTILLOS, <br> JUANITA & JUAN RODRIGUEZ, <br> DALE ZUIDEMA, DAVID NAUTA, <br> DANIEL & NYOKA MARTINEZ, <br> HAROLD & DEANA HICKS, <br> JENNIFER HICKS & CLIFTON HICKS, <br> JANICE REED, <br><br> Plaintiffs, <br><br> v. <br><br> BIRDS EYE FOODS, INC., <br><br> Defendant. | Case No. 1:09-cv-10 <br><br><br><br><br><br><br><br><br><br><br> HONORABLE PAUL MALONEY |

**OPINION and ORDER**

**Denying Various Motions without Prejudice;
Striking Proposed Second Amended Complaint and Proposed Third Amended Complaint;
Permitting the Plaintiffs to File One Motion for Leave to File a Second Amended Complaint**

This is a diversity environmental-protection action involving claims for negligence, nuisance, and trespass. The plaintiffs filed the original complaint on January 6, 2009. The court extended the defendants' time to answer until March 27. Before the defendants filed an answer, the plaintiffs filed the first amended complaint on March 2 [document # 5].

On May 18, 2009, this court dismissed the plaintiffs' first amended complaint without

prejudice for failure to plead factual allegations sufficient to permit a finding of diversity jurisdiction. That order stated that "Plaintiffs may not otherwise amend, e.g. to assert new . . . parties." *See* Document #14. The court meant only that that order did not itself constitute or imply leave to amend the complaint in any respect other than that specified, and that the plaintiffs must follow the usual rules governing leave to amend a complaint.

The order did not intend to state that the plaintiffs could never seek, and possibly secure, leave to further amend their complaint in respects unrelated to and beyond its jurisdictional allegations.

## **ORDER**

To eliminate confusion and establish the final version of the pleadings in this case without undue delay, the court orders as follows:

Plaintiffs' motion to amend the May 18, 2009 order [# 15] is **DENIED** as unnecessary.

The proposed 2d amended complaint filed on June 26, 2009 [# 16] is **STRICKEN**.

The June 26 motion to amend the 2d amended complaint [# 17] is **STRICKEN**.

The July 8 supplement to the motion to amend the 2d am. complaint [# 20] is **STRICKEN**.

The July 9, 2009 joint stipulation [#21] is **DENIED without prejudice**.

**No later than Monday, September 21, 2009, plaintiffs MAY FILE a motion for leave to file a second amended complaint.**

If plaintiffs fail to file such a motion by said date, leave to amend the first amended complaint will be denied absent extraordinary circumstances.

**Nothing in this order or prior orders shall be construed to prohibit the plaintiffs from**

**adding parties, claims, theories of recovery, or factual allegations, except the following restrictions** stated in *Lozar v. Bird's Eye Foods*, 2009 WL 1441584, *4 (W.D. Mich. May 18, 2009):

> – "It [the proposed second amended complaint] shall not include as independent counts the claims currently denominated as Counts One ("Negligence Per Se") . . . and Five ("Personal Injuries")." [1]
>
> – "It [the proposed second amended complaint] shall not include a request for punitive damages."

Neither this order nor any previous order shall be construed to preclude leave to add (or restore) a remediation claim under any statute (including but not limited to the CERCLA / NEPA remediation claim that was asserted in the first amended complaint and dismissed without prejudice for failure to exhaust administrative remedies).

This order is not final and immediately appealable. *See Griffin v. Reznick*, 2008 WL 5110528, *10 (W.D. Mich. Dec. 2, 2008) (citing, *inter alia*, *Tanner Co.*, 575 F.2d at 102).

**IT IS SO ORDERED** on this  18th  day of August 2009.

    /s/ Paul L. Maloney
    Honorable Paul L. Maloney
    Chief United States District Judge

---

[1] If plaintiffs elect to seek leave to add a remediation claim, their motion for leave should:

– show that they have exhausted administrative remedies with regard to that claim;

– address the argument that it would be futile to add such a claim because it is subject to Rule 12(b)(6) dismissal for failure to state a claim.