UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL & HEATHER LOZAR *et al.*,

    Plaintiffs,

v.

BIRDS EYE FOODS, INC.,

    Defendant.

Case No. 1:09-cv-10

HONORABLE PAUL MALONEY

**OPINION and ORDER**
" *Lozar 4* "[1]

---

[1] The Lozars' second amended complaint has three counts. Defendant Birds Eye moved to dismiss counts one and two for failure to state a claim on which relief can be granted.

    In December 2009, the court granted the motion to dismiss to the following extent:
–     Dismissed the portion of count 1 (negligence) which claims that defendant committed negligence *per se* by violating the federal Safe Drinking Water Act.

–     Dismissed the portion of count 2 (response costs) which seeks recovery of response costs for defendant's alleged violation of the SDWA.

    The court denied defendant's motion to dismiss to the following extent:

–     *Declined* to dismiss the portion of count one (negligence) which claims that defendant committed negligence *per se* by violating CERCLA and /or RCRA.

–     *Declined* to dismiss the portion of count two (response/remediation costs) which seeks recovery of response costs attributable to alleged violations of CERCLA and/or RCRA.

    The following claims remained in the case following *Lozar 3*:

•     the portion of count one (negligence) which claims that defendant committed negligence without reliance on a negligence *per se* theory;

**Dismissing the Remainder of Count 2 (Remediation/Response Costs) for Failure to State a Claim:**
Imposing Consequence for Plaintiffs' Failure to File Third Amended Complaint Providing "Sufficient Specific Allegations Regarding Each Plaintiff's Actual Past Incurrence of Response Costs and Regarding their Compliance with the National Contingency Plan"

Randall and Heather Lozar and thirty-three others (collectively "Lozar") reside or own property near a fruit-processing plant in Fennville, Michigan. *See* Second Amended Complaint ("2d Am Comp") ¶¶ 1-29 and 40. Defendant Bird's Eye Foods, Inc. ("BEF") has not denied that it is the owner/operator of the facility as defined by CERCLA, 42 U.S.C. § 9601(20)(A). BEF's operations at the facility creates wastewater which contains organic matter from the fruit, such as dissolved sugar and suspended solids, and it disposes of this wastewater by spraying it onto its fields ("spray irrigation"), which are east of the facility and south of M-89. *See* 2d Am Comp ¶¶ 40 and 50. The Lozars allege that since the BEF facility opened, its spray irrigation has caused elevated levels of "contaminants" in the soil and "groundwater" on and around the facility premises. *Id.* ¶¶ 40 and 51.

The Lozars bring this environmental-protection action asserting a state common-law claim for negligence (count 1), a claim for recovery of response/remediation costs under federal and state environmental statutes (count 2), and another state common-law claim (count 3). For the remainder of the factual background and procedural history, the court incorporates its discussion in *Lozar v. Birds Eye, Inc.*, No. 1:2009-cv-10 Doc. 42, 2009 WL 5196154 (W.D. Mich. Dec. 22, 2009)

---

- the portion of count one (negligence) which claims that defendant committed negligence *per se* by violating CERCLA and/or RCRA and/or Michigan statute;

- the portion of count two (response costs) which seeks recovery of response costs incurred by any plaintiffs due to defendant's alleged violation of CERCLA and/or RCRA and/or Michigan statute;

- all of count three, which was not the subject of the motion to dismiss.

(Maloney, C.J.) ("*Lozar 3*").  **This court previously dismissed parts of count one and count two. Today it dismisses the rest of count 2, leaving no claim directly arising under federal law.**

**In *Lozar 3*, this court granted in part and denied in part Birdseye's Fed. R. Civ. P. 12(b)(6) motion to dismiss count 2, the claim for remediation and response costs.**  The court noted that to prevail on a CERCLA cost-recovery claim, a private party must establish that:

(1) the site on which the hazardous substances are contained is a "facility" as defined by 42 U.S.C. § 9601(9);

(2) a "release" or "threatened release" of a hazardous substance from the facility has occurred as defined by 42 U.S.C. § 9607(a)(4) (Liability section);

(3) such release or threatened release has caused the plaintiff to incur response costs which were "necessary" and "consistent with the national contingency plan" per 42 U.S.C. § 9607(a)(4) and (a)(4)(B); and

(4) the defendant is within one of the four classes of persons/entities subject to the liability provisions of CERCLA section 107(a), 42 U.S.C. § 9607(a).

*Lozar 3*, 2009 WL 5196154 at *13-14 (citations omitted).  The Lozars' Remediation/Response Cost claim allegations are in paragraphs 446-459 of the second amended complaint.  BEF argued that this claim should be dismissed for failure to state a claim on which relief can be granted for two reasons.

First, BEF contended that because the Lozars fail to state a claim for violation of CERCLA, RCRA and SWDA, they cannot seek remediation and response costs allegedly incurred as a result of such violations.  As noted above, the court agreed with BEF that the plaintiffs' count one fails to state a claim for negligence based on a violation of the SDWA.  Therefore, because there were no allegations that BEF violated some particular provision of the SDWA *and* sufficient specific plausible allegations as to how BEF allegedly violated that provision, the plaintiffs' count two claim for recovery of response/remediation costs failed as to any costs allegedly incurred as a result of an

alleged violation of the SDWA. *See Lozar 3*, 2009 WL 5196154 at *14.

Second, BEF contended that even if count one (negligence / negligence *per se*) stated a claim for violation of CERCLA and RCRA, the second amended complaint fails to sufficiently allege that many of the dozens of plaintiffs actually have incurred remediation/response costs as a result of BEF's alleged violation of those two statutes. On this score, the defendants argued as follows,

> There are now 40 Plaintiffs in this lawsuit. As Plaintiffs acknowledge through the plain allegations in the Second Amended Complaint, 26 of them have no claim for recovery of response costs under *any* environmental statute because they have not alleged that they have, in fact, incurred any response costs. * * *
>
> While ¶ 456 of the Second Amended Complaint purports to contain "a non-exclusive" [sic, non-exhaustive] list of those Plaintiffs who allegedly did incur response costs, the detailed allegations for each of the Plaintiffs in ¶¶ 56-405 show that no other Plaintiffs alleged any such costs.
>
> What is clear at the pleading stage is that a cost recovery claim under Count II must be dismissed at this time as to all Plaintiffs except those identified in Paragraph 456 of the Second Amended Complaint.

*Lozar 3*, 2009 WL 5196154 at *14-15 (quoting MTD at 7-8). **This court concluded that**

> **[w]hile the complaint might have been drafted with more precision, it does provide the requisite "direct or inferential allegations" pertaining to each of the four elements of a CERCLA cost-recovery claim generally.** First, paragraphs 446-447 of the second amended complaint adequately state a claim that the BEF Fennville plant constitutes a "facility" as defined by 42 U.S.C. § 9601(9), namely
>
>> *any building, structure, installation, equipment*, pipe or pipeline (including any pipe into a sewer or publicly owned treatment works), *well, pit, pond*, lagoon, impoundment, *ditch,* landfill, storage container, motor vehicle, rolling stock, or aircraft, or (B) . . . .
>
> Emphasis added; *see also* 42 U.S.C. § 9601(18) (defining "onshore facility"). Second, paragraphs 41-43 and 419 allege that a "release" or "threatened release" of a hazardous substance from the facility has occurred as defined by CERCLA's 42 U.S.C. § 9607(a)(4) (Liability section). Those paragraphs of the Lozars' complaint make clear, for instance, that the specific hazardous substances to which they refer are not petroleum/gas substances which are excluded from CERCLA's coverage.

[citation omitted]

> Third, the plaintiffs state a claim as to the "necessary response costs" element of a CERCLA response-cost claim by virtue of the many paragraphs of the second amended complaint which allege that the contaminated groundwater (allegedly caused by releases from BEF's property) made it necessary for various plaintiffs to re-drill or re-dig existing wells or install a new well, replace well points after only two years (in one instance), and (inferentially) to obtain clean and safe drinking water at their own expense (in the case of plaintiffs who allege that their water is unsafe but BEF is not providing them with water, *see, e.g.,* 2d Am Comp ).
>
> The second amended complaint also states a claim on which relief can be granted as to the fourth element of a CERCLA response-cost recovery claim, i.e., that BEF is "within one of the four classes of persons/entities subject to the liability provisions of CERCLA section 107(a), 42 U.S.C. § 9607(a)." BEF has not even contended that it is not within a class of persons potentially subject to CERCLA liability, including, on suitable proof, liability for response/remediation costs. Nor has BEF contended that it is not an entity potentially subject to RCRA liability, including, on suitable proof, liability for response/remediation costs.

*Lozar 3*, 2009 WL 5196154 at *15 (boldface added, italics in original).

**The court's December 2009 opinion declined to dismiss count two's claim for response/remediation costs, but required the plaintiff to take action to rectify the deficiencies in that count's pleading of such costs tied to each specific plaintiff.** The court stated as follows:

> As noted above, BEF reasonably pointed out that the second amended complaint does not specifically allege that all of the plaintiffs have incurred response/remediation costs which are recoverable under CERCLA and/or RCRA and/or Michigan statute. At this juncture, however, there is no scheduling order governing the case, and no deadlines for discovery and motion practice.
>
> The fairest course of action is to permit the plaintiffs an opportunity to remedy the lack of specificity and completeness of their allegations on this score. The court will permit them to file a third amended complaint, by a date certain, which sets forth all specific allegations they wish to assert with regard to the timing, nature, and extent of allegedly-recoverable response/remediation costs which *each particular plaintiff* has already incurred. * * *
>
> The court reminds the plaintiffs that "CERCLA does not authorize the recovery of costs to be incurred in the future." *City of Modesto Redev. Agency v. Dow Chem.*

> *Co.*, 2005 WL 1171998, *10 (Cal. Super. Apr. 11, 2005) (citing . . .). "Under CERCLA, *after* spending money in response to an environmental hazard, a party may then obtain reimbursement for its initial outlays, as well as a declaration that the responsible parties will have continuing responsibility for the costs of finishing the job." *Modesto Redev. Agency*, 2005 WL 1171998 at *10 (emphasis added). In other words, CERCLA authorizes reimbursement of past response costs and declaratory relief as to future response costs.

*Lozar 3*, 2009 WL5196154 at *16.

**Accordingly, the court concluded *Lozar 3* by ordering as follows with regard to the count two claim for response and remediation costs:**

> **No later than Monday, March 1, 2010**, the plaintiffs **SHALL FILE a third amended complaint** which amends paragraph 456 only. The amended paragraph 456 shall:
>
> – provide all available specific information regarding the nature, timing, and extent of response/remediation costs for which each plaintiff seeks recovery;
>
> – specifi[y] the statute and statutory section(s) under which each plaintiff, or all of them, seek recovery of response/remediation costs;
>
> – allege specific facts showing each plaintiff's compliance with the National Contingency Plan.

*Lozar 3*, 2009 WL 5196154 at *16-17 (boldface and capitalization in original, n.3 omitted). Upon reading the order, there was no doubt that it *required*, not suggested, that the plaintiffs file a third amended complaint supplying the aforementioned allegations and information. "[T]he word 'shall' always means that the action in question is mandatory, not optional." *CMS North America, Inc. v. DeLorenzo Marble & Tile, Inc.*, 521 F. Supp.2d 619, 621 (W.D. Mich. 2007) (citing *US v. Jones*, 495 F.3d 274, 277 (6th Cir. 2007) (Ryan, Griffin, D.J. Hood) and *Matovski v. Gonzales*, 492 F.3d 722, 736 (6th Cir. 2007)). This is a well-settled canon of construction which applies to court orders,

statutes, court rules, and contracts alike. *See, e.g., Pinika, LLC v. MetLife, Inc.*, 2009 WL 2713262, *12 (W.D. Mich. Aug. 24, 2009) ("As the word 'shall' suggests, post-judgment interest under this statute is mandatory.") (citing *Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 586 (6th Cir. 2002)); *Heggie v. Kuzma*, 2009 WL 594908, *6 n.3 (W.D. Mich. Mar. 6, 2009) ("Rule 4(m)'s use of the word 'shall' leaves the court no discretion . . . .") (citations omitted); *AmerisourceBergen Drug Corp. v. Meijer, Inc.*, 2005 WL 1630843, *3 (S.D. Ohio July 8, 2005) ("Based on the [contractual] clause, the Court concludes that venue is clearly specified and the word 'shall' connotes obligatory language.") (citing *Gen. Elec. Co. v. Siempelkamp, GmbH & Co.*, 29 F.3d 1095 (6th Cir. 1994)).

**The deadline for the plaintiffs to file the required third amended complaint passed five weeks ago.** In total, nearly three and a half months have elapsed since this court's order in *Lozar 3*, and the plaintiffs have neither filed a third amended complaint nor even sought an extension of time in which to do so. Simply allowing the plaintiffs to file the required amendment now (or granting an extension despite their failure to request one), as if the court-ordered deadline never existed, would be unduly prejudicial to the defendant. It would also foster disrespect for the court's orders, would unduly delay the resolution of this controversy, and would be unfair to all the parties before this court who do act diligently and comply with court-ordered deadlines.

Having considered the policy favoring a reasonably expeditious resolution of controversies, the efficient use of judicial resources, fairness to the defendant, and the integrity of the court's orders, the Court finds that all these factors counsel a meaningful adverse consequence for the plaintiffs' dereliction. *Cf. Williams v. Broome Cty.*, 2009 WL 5102258, *6 n.3 (W.D.N.Y. Dec. 17, 2009) ("Because the Court finds that the defects in this claim are substantive, rather than merely formal in nature, and because Defendants have already answered Plaintiff's complaint and the

deadlines for filing motions to amend have long since expired, the court dismisses this claim (and various of Plaintiff's other claims) without first *sua sponte* affording him thirty days to amend that pleading.") (record citation omitted); *Brown v. Lewis*, 2009 WL 1813206, *6 (M.D. Ga. June 25, 2009) ("[*Pro se*] Plaintiff has had ample opportunity to proffer facts sufficient to support the timeliness of each of his claims. Absent such proffer, the Court must presume those facts do not exist. Accordingly, the court dismisses, *sua sponte*, each of plaintiff's remaining claims against [Lewis], and this action is now dismissed in its entirety."), *aff'd*, – F. App'x –, 2010 WL 94596 (11th Cir. Jan. 12, 2010) (per curiam) (Marcus, Wilson, Fay).

## **ORDER**

Accordingly, **count two is DISMISSED** for failure to comply with court order and failure to supply necessary allegations regarding alleged response/remediation costs incurred by plaintiffs.

Because this order does not dispose of all claims as to all parties,[2] it is <u>not</u> a final order, and it is not immediately appealable. *See Tanner Co. v. US*, 575 F.2d 101, 102 (6th Cir. 1978).

**IT IS SO ORDERED** on this 6th day of April 2010.

 /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge

---

[2] <u>The following claims remain in the case following today's decision:</u>

- the portion of count one (negligence) which claims that defendant committed negligence without reliance on a negligence *per se* theory;

- the portion of count one (negligence) which claims that defendant committed negligence *per se* by violating CERCLA and/or RCRA and/or Michigan statute;

- all of count three, a claim under Michigan common law, which was not the subject of Birdseye's motion to dismiss or any order of this court.