UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | | |
|---|---|---|
| RANDALL LOZAR, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:09-cv-10 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| BIRDS EYE FOODS, INC., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | |
| | ) | |

Defendant has moved for an order precluding the trial testimony of one of plaintiffs' experts, Dr. Bernard Engel, arising from plaintiffs' alleged refusal to submit Dr. Engel to a deposition. Plaintiffs oppose the motion. Chief Judge Paul Maloney has referred the motion to me for decision pursuant to 28 U.S.C. § 636(b)(1)(A). Upon review of the record, I conclude that oral argument would not be helpful to resolution of the motion. *See* W.D. MICH. LCIVR 7.3(d). For the reasons set forth below, defendant's motion will be denied.

The record does not establish either legal or factual grounds for the drastic remedy of excluding a witness from trial. As a legal matter, exclusion of witnesses is generally governed by two court rules. Rule 37(b) of the Federal Rules of Civil Procedure allows the court to enter an order prohibiting a disobedient party from introducing designated matters in evidence. FED. R. CIV. P. 37(b)(2)(A)(ii). Such a preclusive order, however, is only available when a party "fails to obey an order to provide or permit discovery." FED. R. CIV. P. 37(b)(2)(A). In the absence of a previous discovery order, preclusive sanctions under Rule 37(b) are improper. *See United States v. One 1987*

*BMW 325*, 985 F.2d 655, 659-61 (1st Cir. 1993) (preclusive sanctions improper in the absence of a previous order for discovery); *Daval Steel Prod. v. M/V Fakredine*, 951 F.2d 1357, 1364-65 (2d Cir. 1991) (same).  In the present case, no discovery order has been entered with regard to Dr. Engel. The mere failure to provide discovery is addressed in Rule 37(a), which empowers the court to compel the recalcitrant party to provide discovery, but does not authorize the drastic sanction of excluding witnesses.  Therefore, even if the court were to agree that plaintiffs have been negligent in producing Dr. Engel for deposition, the only appropriate remedy (in the absence of extreme prejudice to the opposing party) would be an order compelling production of the witness.  Only if that order were disobeyed would the aggrieved party be entitled to seek a preclusive sanction under Rule 37(b).

The other legal basis for excluding a witness is provided by Rule 37(c), which allows the court to exclude a witness who was not identified as required by Rule 26(a) or an expert witness who did not provide an appropriate disclosure as required by the same rule.  Rule 37(c) creates an automatic rule of preclusion, unless the non-disclosing party bears the burden of showing the failure was substantially justified or is harmless.  *See Tribble v. Evangelides*, No. 10-3262, ___ F.3d ___, 2012 WL 245029, at * 4 (7th Cir. Jan. 26, 2012) ("Under Rule 37(c)(1) 'exclusion of non-disclosed evidence is automatic and mandatory . . . unless non-disclosure was justified or harmless.'" (quoting *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004)).  Rule 37(c) sanctions do not apply to Dr. Engel, as plaintiffs properly identified Dr. Engel as a testifying expert and produced his Rule 26(a)(2) expert witness disclosure on November 1, 2010.  This disclosure took place within the time allowed by the case management order, over one year before the close of discovery in this case. Rule 37(c) sanctions are clearly unavailable.

Factually, the court cannot conclude that plaintiffs are any more culpable than defendant for the failure to depose Dr. Engel in a timely fashion.  The case management order was entered on May 12, 2010, and established a discovery deadline of October 31, 2011.  The court provided an unusually long discovery period -- over seventeen months -- because of the complexity of the case.  (CMO, docket # 51).  By defendant's own account, the first time that defense counsel even asked for a date for the Engel deposition was October 13, 2011, approximately two weeks before the close of discovery.  (*See* Brief, docket # 176, at 2).  Defendant advances reasons why it consciously chose to delay the deposition until the last minute, but the fact remains that defendant could have deposed Dr. Engel at any time during the previous year.  A party who waits until the last two weeks of a seventeen-month discovery period to seek an expert deposition is in no position to claim prejudice.  It does appear that parties had difficulty in scheduling Dr. Engel's deposition during the month of November 2011, after the close of discovery.  Perhaps plaintiffs' counsel did not act with all possible alacrity during the four-week period that counsel were engaged in attempts to schedule the deposition, but the court cannot conclude that plaintiffs' counsel was dilatory or obstructionist.  Given the lateness of defendant's request for the Engel deposition, it was inevitable that the deposition would take place after the close of discovery on October 31, 2011.  Having waited until the eleventh hour to ask for the deposition, defendant cannot be heard to complain that the deposition did not take place instantly.  Plaintiffs have never refused to produce Engel for a deposition, and they state their continuing willingness to do so.  On this record, preclusive sanctions would be an abuse of the court's discretion.

Alternatively, defendant seeks an amendment of the case management order to reopen discovery for the limited purpose of deposing Dr. Engel and extending the deadline by which

-3-

defendant may file a supplemental dispositive motion until three weeks following the taking of the Engel deposition.  (Motion, docket # 175, at 1 n.1).  A case management order may only be modified upon a showing of good cause.  FED. R. CIV. P. 16(b)(4).  Good cause is "measured by the movant's diligence in attempting to meet the case management order's requirements."  *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).  A party seeking relief must demonstrate why the requirements of the order could not reasonably have been met in the exercise of diligence.  *Id.* at 907; *accord Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (moving party's diligence in attempting to meet the case management order's requirements is the "primary measure" of the good cause standard).

Defendant's request to extend the discovery period to allow the deposition of Dr. Engel is reasonable under the Rule 16(b) standard, as defendant did request the deposition before the close of discovery, although barely so.  Defendant's request for an extension of the dispositive motion deadline is not supported by good cause.  The court purposely allowed a five-week period between the close of discovery and the dispositive motion deadline to make sure that the parties had a reasonable time after the close of discovery in which to assemble their proofs in this complex case. Defendant delayed in requesting the Engel deposition until two weeks before the close of discovery, which is not consistent with the exercise of diligence.  This delay made it inevitable that the deposition would take place after the close of discovery, given the foreseeable problems in scheduling expert depositions.  Defendant's delay in asking for the deposition is therefore the principal reason why the results of the Engel deposition were unavailable to defendant in time for incorporation into a dispositive motion.  The facts of this case do not demonstrate the kind of diligence that would entitle defendant to file yet another motion for summary judgment, nor can the

court conclude that defendant would suffer any prejudice not of its own making by a failure to extend the dispositive motion deadline. Defendant had access to Dr. Engel's expert witness report one year before the close of discovery. Rule 26(a)(2) reports were designed to eliminate the routine need for expert witness depositions, at least in many cases. FED. R. CIV. P. 26 (advisory committee comments, 1993 Amendments). If the expert witness report was insufficient for use in formulating a dispositive motion, it was incumbent upon defendant to request the deposition sufficiently in advance of the discovery cutoff date for such use.[1]

In summary, defendant has completely failed to establish legal or factual grounds for an order excluding the testimony of Dr. Engel. Because defendant did request the Engel deposition before the close of discovery, the court will allow the Engel deposition to take place after the discovery cutoff date for purposes of trial preparation only. Given the schedule in this case, the deposition must be completed within thirty days. Defendant has not shown good cause for the extension of the dispositive motion deadline.

Dated:  February 2, 2012                    /s/  Joseph G. Scoville
                                            United States Magistrate Judge

---

[1] It is clear from the briefing of the parties that counsel had an informal agreement to allow discovery after the discovery cutoff period set forth in the case management order. The court's approval of this arrangement was not sought. Counsel engage in informal amendments to the case management order at their peril. Although cooperation between counsel to meet the deadlines in a case management order is expected by the court, counsel should not assume that the court will retroactively ratify their unilateral agreements to ignore court-imposed deadlines.